# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

### COMPLAINT FORM

SEP 2 2025 PM1:05
FILED-USDC-CT-HARTFORD

Full name(s) of Plaintiff(s)
(Do not use *et al.*)

Richardson, Samuel

v.

mgm springfield

Case No. _____
(To be supplied by the Court)

Full names of Defendant(s)
(Do not use *et al.*)

### A. PARTIES

1. ___Richardson, Samuel___ is a citizen of ___Connecticut___ who
    (Plaintiff)                                      (State)
presently resides at ___87 Amity st._____.
                              (mailing address)

2. Defendant ___mgm Springfield___ is a citizen of ___ma_____
          (name of first defendant)                        (State)
whose address is ___one mgm Springfield, ma_____.

3. Defendant _____ is a citizen of _____
              (name of second defendant)                       (State)

whose address is _____.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION
The jurisdiction of this court is invoked pursuant to: (list statute(s))

_____

_____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

*See Attachment*

2

Lawsuit Complaint Against MGM Springfield

Plaintiff: Samuel Richardson

Defendant: MGM Springfield

Location: Springfield, MA

Date of Incident: 06/21/2025 & 06/22/2025

Complaint Timeline:

1. Approximately 11:30 PM:

   - Samuel Richardson arrives at MGM Springfield Casino.

   - Parks his van on the 3rd Level in Section F.

   - Sits in the van, conversing with his wife while smoking a cigarette.

2. Approximately 11:57 PM:

   - Enters the casino.

   - Uses the restroom, then proceeds to the bar.

   - Recognized as a frequent slot player; familiar bartender present.

3. Around 12:15 AM:

   - Good friend (female) arrives at the bar.

   - They play bar slot games together and enjoy several drinks.

4. Approximately 12:30 AM:

   - Samuel realizes he wants to smoke but left cigarettes in the van.

   - They walk outside to the van to smoke and talk.

- Samuel chooses to sit in the beach chairs in the van, which is not against the law, especially as a paying and frequent customer.

5. Ongoing Surveillance:

 - A female security guard drives past the van multiple times, looking inside.

 - The guard never exited her vehicle to check the van properly; it's evident she could not have seen any activity due to the height difference between a van and a car.

6. Attempt to Leave:

 - As they attempt to leave, the female guard stops in front of the van.

 - Samuel exits the van and inquires about the issue.

 - The guard forcefully demands that he must leave.

7. Drop-off and Recording Incident:

 - Samuel drives around the guard to drop his friend off at her car.

 - The guard continues to harass him.

 - Samuel begins recording, asking the guard why she is harassing him and where it states he can't sit in his van to smoke.

8. Returning to the Casino:

 - After leaving to get food, Samuel returns to the casino.

 - The female guard is at the entry and refuses him entry.

 - Samuel requests the supervisor, identified as Scott, for assistance.

9. False Accusation:

 - The supervisor informs Samuel that the guard alleged he was having sex in his van, which is a complete lie and unfounded.

- If the guard's claim had merit, law enforcement surely would have been contacted.

10. Refusal to Provide Name:

- Samuel attempted to get the guard's name after the incident, but she refused to provide it and covered her name badge.

11. Harassment and Business Loss:

- Samuel feels he was unjustly harassed, denied entry, and subjected to false claims.

- He missed a critical meeting with an important investor at 5:00 AM due to the harassment, which potentially cost his company a business deal worth $1.2 million.

12. Veteran Status:

- As a veteran who fought for this country, Samuel will not tolerate being treated differently or with disrespect.

Allegations:

- Harassment, defamation, emotional distress, negligence, violation of rights.

Relief Sought:

- Samuel seeks $1.5 million in damages for the harassment, emotional distress, and loss of a significant business opportunity.

Signature:

Samuel Richardson

06/22/2025

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations:  (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** _____ see Attachment _____

_____

_____

Supporting Facts:  (Include all facts you consider important, including names of persons involved, places, and dates.  Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing legal authority or argument.)

**Claim II:** _____

_____

_____

Supporting Facts:

3

**E. REQUEST FOR RELIEF**

WHEREFORE, plaintiff demands: (state the relief you seek)

$1.5 million

**F. JURY DEMAND**

Do you wish to have a jury trial? Yes        No

D. CAUSE OF ACTION**

I allege that the following constitutional rights, privileges, or immunities, or my rights under federal statutes have been violated, and the following facts form the basis of these allegations.

Claim 1: Violation of Constitutional Rights

Supporting Facts:

Date of Incident: 06/21/2025

Location: MGM Springfield Casino, Springfield, MA

-Parties Involved:

 - Samuel Richardson (Plaintiff)

 - Female Security Guard (Name Unknown)

 - Supervisor Scott (Last Name Unknown)

1. I, Samuel Richardson, a veteran and frequent customer of MGM Springfield, arrived at the casino at approximately 11:30 PM and parked my van in Section F on the 3rd Level.

2. At around 12:30 AM, I chose to smoke a cigarette in my van after enjoying drinks with a friend at the bar. The female security guard on duty drove past my van several times but did not exit her vehicle to inspect the situation properly.

3. I was approached by the female guard without any just cause, who accused me of inappropriate behavior within my van. She denied me entry back into the casino afterward, despite my respectful inquiries about the issue.

4. When I requested to speak with a supervisor regarding the false allegations, Supervisor Scott was called. Instead of addressing my concerns, he repeated the unfounded claims made by the guard. I assert that their wrongful actions constitute harassment and a violation of my rights.

5. This incident resulted in emotional distress and humiliation, violating my rights to equal treatment under the law as a veteran and an individual.

Claim 2: Defamation and False Allegation

Supporting Facts:

1. The false accusations made by the female security guard that I was involved in sexual activity in my van were baseless and unsubstantiated. If true Law Enforcement would have been Called IMMEDIATELY!

2. Despite being a paying customer, I was denied service and entry into the casino, damaging my reputation and causing me significant emotional distress.

3. I was unable to attend a crucial meeting with a potential investor at 5:00 AM due to the unwarranted harassment from the casino staff. This led to a significant loss of a potential $1.2 million business deal which I was actively pursuing.

4. The supervisor's failure to take my side and address the false narrative compounded the harm caused by the initial incident. The refusal of the security personnel to provide their names or follow protocol further emphasizes the negligence in handling the situation.

5. I seek damages for the harm caused by this defamation and the false allegations that not only affected me personally but also jeopardized my business opportunities.

REQUEST FOR RELIEF

In light of the violations of my constitutional rights and the harm I have suffered as a result of the actions taken by MGM Springfield Casino staff, I respectfully request the following relief:

1. Monetary Damages: I seek compensatory damages in the amount of **$1.5 million**. This amount is intended to cover:

   - Emotional distress endured as a result of the allegations and treatment by security staff.

   - Loss of business opportunities due to the delay and inability to meet with potential investors.

   - Any other related expenses incurred as a result of this incident.

2. Reinstatement of Access: I request that I be reinstated as a customer at MGM Springfield Casino without further harassment or discrimination.

3. Policy Review: I urge MGM Springfield Casino to review its security and customer service policies to prevent future incidents of inappropriate treatment and to ensure a welcoming environment for all patrons.

4. Formal Apology: I ask for a formal written apology from the casino management acknowledging the harm caused by their staff's actions and recognizing the impact on my personal and professional life.

I firmly believe that these requests are reasonable in light of the actions taken against me and the repercussions that followed. I hope for a fair resolution to this matter.

_____
Original signature of attorney (if any)

**Plaintiff's Original Signature**

_____
Printed Name

Printed Name  Samuel Richardson

87 Amity St.
Hartford, Ct 06106

( )                                    (808) 492·9125
Attorney's full address and telephone    Plaintiff's full address and telephone

                                         SamRich@AquaGreensServices.com
Email address if available              Email address if available

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____.
                    (location)                      (date)

                                         _____
                                         **Plaintiff's Original Signature**

(Rev.3/29/16)

5